UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHARON PEPLOWSKI,

                      Plaintiff,

     v.

99 CENTS ONLY STORES LLC, *et al.*,

                   Defendants.

Case No. 2:21-cv-01990-ART-EJY

ORDER DENYING MOTION FOR REMAND

Before the Court are Plaintiff Sharon Peplowski's motion for remand (ECF No. 104) and Third-Party Defendant Preferred Electric, LLC's (Preferred's) objection (ECF No 98) to Magistrate Judge Cam Ferenbach's order (ECF No 96) granting a motion for determination of good faith settlement (ECF No. 89). The Court denies Plaintiff's motion for remand and overrules Preferred's objection.

## I.    MOTION TO REMAND

Plaintiff Sharon Peplowski commenced this lawsuit on October 8, 2021, in the Eighth Judicial District Court in Clark County, Nevada. (ECF No. 1-1.) She alleges negligence, premises liability, and alter ego liability related to an injury she sustained when she tripped on a hole in a shopping center parking lot. (ECF No. 32 at ¶¶ 17, 31.) Her state court complaint named three defendants: Winkler Properties, which owns the parking lot, and Albertson's and 99 Cents Only Stores (99 Cents), two of Winkler's commercial tenants. (ECF No. 1-1 at ¶¶ 3-5.)

99 Cents removed to federal court in November of 2021, and this Court held that removal was appropriate because the parties were diverse. (ECF No. 18); *see also* 28 U.S.C. § 1332.

In May of 2022, Defendant Albertson's brought a third-party complaint against Superior Electrical, Mechanical, and Plumbing, Inc. (Superior Electrical), alleging that Superior Electrical was responsible for Plaintiff's injuries because Superior Electrical made the hole on which Plaintiff tripped, while performing

contracted plumbing and drainage work for Albertson's. (ECF No. 25.) Plaintiff then filed a First Amended Complaint naming Superior Electrical as a defendant. (ECF No. 32.) Superior Electrical is either a foreign company or a California company. (ECF Nos. 32 at ¶ 8; 79 at ¶ 1.) Plaintiff is a citizen of Nevada. (ECF No. 32 at ¶ 2.)

In August of 2023, Superior Electrical filed a third-party complaint naming Preferred Electric, LLC (Preferred Electric) as a third-party defendant. (ECF No. 79.) According to Superior, Preferred was a subcontractor on Suprerior's parking lot project, and Preferred agreed to indemnify Superior for its liability related to that project. (*Id.*) Preferred, like Plaintiff, is a citizen of Nevada. (ECF Nos. 32 at ¶ 2; 79 at ¶ 3.)

Plaintiff argues in her motion to remand that the addition of Preferred Electric as a third-party defendant destroys complete diversity, and this Court's subject matter jurisdiction, since she and Preferred are citizens of the same state. (ECF Nos. 104, 106.)

The Court finds that the addition of Preferred Electric as a third-party defendant did not destroy the Court's jurisdiction over this case. A federal district court may exercise subject matter jurisdiction over state law claims between diverse parties pursuant to 28 U.S.C. § 1332(a). To enjoy federal jurisdiction under § 1332 parties must be "completely diverse." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see* 28 U.S.C. § 1332(a). This means that "*each* defendant [must be] a citizen of a different State from *each* plaintiff." *Owen Equipment*, 437 U.S. at 373 (emphasis in original).

§ 1332's "complete diversity" requirement does not apply between plaintiffs and third-party defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996) ("assuming that jurisdiction is based upon diversity of citizenship between plaintiff and defendant, the question concerning impleader is whether there is a jurisdictional basis for the claim by defendant against third-party defendant. The

fact that plaintiff and third-party defendant may be co-citizens is completely irrelevant.") (quoting 3 James Moore, *Moore's Federal Practice* ¶ 14.26, p. 114-16 (2d ed. 1996)); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th ed. 2024) ("a third-party defendant's common citizenship with the plaintiff will not destroy federal subject-matter jurisdiction over plaintiff's claim against defendants"). This is because a third-party defendant, impleaded pursuant to Fed. R. Civ. P. 14, has no direct relation to a plaintiff's claims. A third-party defendant is impleaded to indemnify a *defendant* (and third-party plaintiff) from liability and "is not essential to a decision of the controversy between the original [plaintiffs and defendants] . . . ." *Caterpillar Inc.*, 519 U.S. at 66 n.1 (quoting *Wichita RR. & Light Co. v. Public Util. Comm'n of Kan.*, 260 U.S. 48, 54 (1922)); Fed. R. Civ. P. 14(a) ("a defending party may, as a third-party plaintiff, serve a . . . complaint on a nonparty who is or may be liable *to it* for all or part of the claim against it") (emphasis added); (*see* ECF No. 79 at 2 (impleading Preferred as a third-party defendant pursuant to Rule 14).[1]

Here, Preferred Electric is a third-party defendant with no direct relationship to Plaintiff or her claims. The only claims against Preferred are brought by Superior Electrical. (*See* ECF Nos. 32, 79.) Those claims create potential lability on the part of Preferred towards Superior, but they are not essential to the determination of Plaintiff's claims against any named Defendant. *See Caterpillar Inc.*, 519 U.S. at 66 n.1. Because Preferred Electric is a third-party defendant brought pursuant to Fed. R. Civ. P. 14, and because Preferred Electric is diverse from its third-party plaintiff, Superior Electrical, the addition of

---

[1] Superior Electrical cites "Rule 14 of the Nevada Rules of Civil Procedure" as the basis for its impleader. (ECF No. 79 at 2.) The Federal Rules of Civil Procedure apply to procedural matters in diversity cases, so the Court interprets Superior Electrical's third-party complaint as brought under Fed. R. Civ. P. 14, not the Nevada Rule. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). Even if the Nevada rule applied, the Court's jurisdiction analysis would be the same, since the Nevada rule on third-party claims is identical to the federal rule. *Compare* Nev. R. Civ. P. 14(a)(1) *with* Fed. R. Civ. P. 14(a)(1).

Preferred Electric to this case did not destroy diversity jurisdiction. Plaintiff's motion to remand is denied.

## II.    PREFERRED ELECTRIC'S SETTLEMENT OBJECTION

In October of 2023, Plaintiff agreed to settle her claims against Albertson's and Boulder Investco (Boulder) in exchange for a fee. (ECF No. 89 at 4.) Albertson's and Boulder then asked this Court to make a determination of good faith settlement, which Nevada law requires before any settlement in a multi-defendant dispute is rendered binding. NRS 17.245. Magistrate Judge Cam Ferenbach granted that motion, after an in-person hearing. (ECF No. 96.)

Preferred Electric timely objected to Judge Ferenbach's decision, arguing two points: (1) that the proposed settlement payout was too low to have been made in good faith; (2) that the settlement, and particularly the value of the settlement, evinced illegitimate collusion between Plaintiff, Albertson's and Boulder. (ECF No. 98 at 5-6.)

"The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates." *Flam v. Flam*, 788 F.3d 1043, 1045 (9th Cir. 2015). That act grants magistrates different sets of authority depending on whether the matter before them is dispositive or non-dispositive. When a magistrate is faced with a non-dispositive matter, he may "hear and determine" that matter by issuing a binding order, reviewable only for clear error. 28 U.S.C. § 636(1)(A). On the other hand, when a magistrate is faced with a dispositive matter, his power is limited to issuing a report and recommendation (R&R), which the presiding district judge may then "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(1)(C); *see also Flam*, 788 F.3d at 1046. Objections to R&Rs are reviewed *de novo*. 28 U.S.C. § 636(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because the standards of review for dispositive and non-dispositive matters are different, the Court must determine whether the motion before Judge Ferenbach was dispositive or non-dispositive.

The Federal Magistrates Act provides a non-exhaustive list of eight "dispositive matters." *See* 28 U.S.C. § 636(b)(1)(A)-(B). When a matter falls outside that list, courts "look[] to the effect of the motion, in order to determine whether it is properly characterized as 'dispositive or non-dispositive of a claim or defense of a party.'" *Flam*, 788 F.3d at 1046 (quoting *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004)).

Here, Judge Ferenbach's order was dispositive because it potentially nullified Plaintiffs' claims against Albertson's and Boulder. *See Flam*, 788 F.3d at 1047 (holding defendant's remand motion to be dispositive because it "preclusively determine[d] the important point that there will not be a federal forum available to entertain a particular dispute"); *Estate of Sauceda v. City of North Las Vegas*, 2:11-cv-02116-GMN-NJK, 2020 WL 1982288, at *2 (D. Nev. 2020) (holding that the magistrate judge's decision whether to approve a plaintiff's settlement agreement was dispositive because it "effectively dispose[d] of the [plaintiff's] claims against the defendants"); *J.H. v. Siroky*, Case No. 2:17-cv-02151-JAD-GWF, 2019 WL 2251772, at *2 (D. Nev. May 8, 2019), *adopted*, 2019 WL 2250267 (D. Nev. May 23, 2019) ("Federal district courts in California generally treat orders approving the compromise of minors' claims as dispositive matters . . . ."); *Credle v. Samsung SID Am., Inc.*, Case No. 17-cv-07281 NC, 2019 WL 8331469, at *3 (N.D. Cal. Apr. 8, 2019) (holding a plaintiff's motion for good faith determination of settlement to be dispositive). A finding of good faith "effectively immunizes [a defendant] from liability." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004); *see also In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 928 (D. Nev. 1983) ("[A] 'good faith settlement' by a tortfeasor establishes an affirmative defense to any claims for contribution by another joint tortfeasor found liable for damages to plaintiff."); NRS 17.245. So, a conclusive finding of good faith would have the effect of rendering Albertson's and Boulder immune to Plaintiff's claims.

The Court will treat Judge Ferenbach's order granting the motion for determination of good faith settlement (ECF No. 96) as a report and recommendation and Preferred's filing at ECF No. 98 as an objection to that report and recommendation. The Court will therefore "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

Under NRS 17.245:

1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury ...:

    (a) It does not discharge any of the other tortfeasors from liability for the injury ... unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

    (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

"[T]he determination of a good faith settlement 'should be left to the discretion of the trial court based upon all relevant facts available . . . .'" *The Doctors Co.*, 98 P.3d at 686 (citing *Veliscol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991)). When making good faith determinations, courts may consider "[(1)] the amount paid in settlement[;] [(2)] the allocation of the settlement proceeds among plaintiffs[;] [(3)] the insurance policy limits of settling defendants[;] [(4)] the financial condition of settling defendants[;] and [(5)] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *Id.* (citing *MGM Grand Hotel*, 570 F. Supp. at 928). This list is non-exhaustive. *The Doctors Co.*, 98 P.3d at 686-87.

Preferred first objects that the proposed settlement amount is too low because it fails to account for the possibility that Albertson's and Boulder would be found liable at trial. (ECF No. 98 at 5-6.)

1   A Court may find good faith, as it relates to the amount paid in settlement,

2   where that amount is not "grossly disproportionate to the settling defendant's fair

3   share of damages." *Veliscol Chemical Corp.*, 811 P.2d at 564.

4   Here, Albertson's and Boulder propose to pay $115,000 as their share of

5   Plaintiff's injuries. (ECF No. 89 at 5.) Plaintiff's past medical special damages are

6   $72,334.49, and Albertson's and Boulder represent to the Court that Plaintiff has

7   stopped seeking medical treatment for her injuries. (*Id.* (citing ECF No. 89-2).)

8   The proposed settlement covers all of Plaintiff's past medical damages and over

9   $40,000 of any other damages to which she may be entitled. This excess amount

10  reflects a reasonable estimation of the possibility of an adverse finding against

11  Albertsons. The Court concludes that Albertson's and Boulders' proposed

12  settlement amount is not "grossly disproportionate" to their fair share of damages

13  and overrules Preferred's objection on those grounds.

14  Preferred next argues that the settlement is illegitimately collusive because,

15  by agreeing to an unreasonably low settlement payment, the settling parties have

16  failed to consider the interests of "the absent tortfeasor," i.e., Preferred. (ECF No.

17  98 at 6-7.)

18  "Any negotiated settlement involves cooperation, but not necessarily

19  collusion. It becomes collusive when it is aimed to injure the interests of an

20  absent tortfeasor." *MGM Grand Hotel*, 570 F. Supp. at 928. "[T]he price of a

21  settlement is the prime badge of its good faith." *Id.*

22  Preferred effectively rehashes its underpayment argument here. The Court

23  overrules this objection for the same reasons it overruled the overpayment

24  objection, and because Preferred has offered no additional evidence of collusion.

25  //

26  //

27  //

28  //

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

It is therefore ordered that Plaintiff's motion to remand (ECF No. 104) is denied.

It is further ordered that Preferred Electric's objection to Judge Ferenbach's determination of good faith settlement (ECF No. 98) is overruled.

Dated this 20th day of August 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE